IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AUSTIN WOLFE | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| STAKE CENTER LOCATING, LLC | : | NO. 23-2125 |

MEMORANDUM

Bartle, J.                                              July 31, 2023

        Before the court is the motion of plaintiff Austin
Wolfe to remand this action to the Court of Common Pleas of
Philadelphia County pursuant to 28 U.S.C. § 1447(c) for lack of
subject matter jurisdiction.  Plaintiff also moves for fees and
costs (Doc. #12).  Defendant has the burden of proving that
federal jurisdiction exists.  See Dukes v. U.S. Healthcare,
Inc., 57 F.3d 350, 359 (3d Cir. 1995).

        Plaintiff originally filed this putative class action
in the state court on his own behalf and on behalf of all other
utility locators working for defendant in or based out of
Pennsylvania for the last three years.  It was timely removed to
this court.  Plaintiff alleges violations of the Pennsylvania
Minimum Wage Act ("PMWA"), 43 Pa. Stat. Ann.      § 333.104,
and the Pennsylvania Wage Payment and Collection law ("PWPCL"),
43 Pa. Stat. Ann. §§ 260.1 et seq.  The complaint lists a litany
of alleged violations concerning failure to pay overtime.  Among

other averments, the complaint states that plaintiff and the
class "received a taxable automobile allowance as compensation
that was not included in his regular rate of pay."  It goes on
to allege that defendant "represent[ed] to the IRS that the
vehicle allowance is wages" and that defendant "failed to
include the vehicle allowance in the regular rate calculation
for purposes of determining the overtime rate."

        Defendant has removed this action under 28 U.S.C.
§ 1331 which provides that "[t]he district courts shall have
original jurisdiction of all civil actions arising under the
Constitution, laws, or treaties of the United States."
Defendant argues that the resolution of plaintiffs' state law
claims depends on the construction of 29 U.S.C. § 207(e) which
defines "regular rate" of pay for employees engaged in
interstate commerce and on the application of relevant IRS
regulations.

        A plaintiff is the master of his or her complaint.
The existence of federal question jurisdiction generally depends
on whether the plaintiff has asserted a specific claim for
relief under the Constitution, laws, or treaties of the United
States.  This is known as the well-pleaded complaint rule.  See
Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987).  No such
federal claims appear here on the face of the complaint.  The
only claims presented are under state statutes, the PMWA and the

PWPCL, against a private employer.  The existence of an actual
or anticipated federal defense will not suffice to establish
federal question jurisdiction.  See Valden v. Discovery Bank,
556 U.S. 49, 60 (2009).

Nonetheless, there are narrow circumstances where
federal question jurisdiction exists without a federal claim
having been specifically asserted.  The door of the federal
court, for example, is open based on federal question
jurisdiction where only a state law claim is pleaded and where
"a federal issue is:  (1) necessarily raised, (2) actually
disputed, (3) substantial, and (4) capable of resolution in
federal court without disrupting the federal-state balance
approved by Congress."  Gunn v. Minton, 568 U.S. 251, 258
(2013).  Defendant maintains that the removal of the action on
this basis was proper.

The Supreme Court has issued a number of decisions
related to this basis for federal question jurisdiction.  One of
the significant early cases is Smith v. Kansas City Title &
Trust Co., 255 U.S. 180 (1921).  There, a citizen of Missouri
brought suit in the federal court against the defendant, a
Missouri corporation, of which he was a shareholder, to prevent
it from investing in certain federal government bonds issued
pursuant to the Federal Farm Loan Act of 1916.  Plaintiff
maintained that the corporation had no authority to do so under

state law because the issuance of the bonds was
unconstitutional.  The Supreme Court held that the federal
district court had subject matter jurisdiction because the
principal question in the case was the constitutionality of the
federal bonds.

Plaintiff specifically relies on a more recent Supreme
Court decision, Grable & Sons Metal Products, Inc. v. Darue
Engineering & Manufacturing, 545 U.S. 308 (2005).  There, the
plaintiff brought an action in the state court to quiet title to
its property seized by the Internal Revenue Service and sold to
a third-party to satisfy its federal tax obligations.  Plaintiff
alleged that the IRS had given it inadequate notice of the
property's sale.  The defendant removed the action to the
federal court on the ground that title depended on the
interpretation of the notice requirements under federal tax law.
The Supreme Court held that federal jurisdiction was proper as
there was a substantial dispute concerning federal law and
removal was "consistent with Congressional judgment about the
sound division of labor between state and federal courts
governing § 1331's application."  Id.

The Supreme Court, shortly thereafter, rejected the
applicability of Grable in Empire Healthcare Assurance, Inc. v.
McVeigh, 547 U.S. 677 (2006).  There a federal employee had
health insurance pursuant to the Federal Employee Health Benefit

-4-

Act of 1959, 5 U.S.C. §§ 8901 et seq., under a contract between the Blue Cross Blue Shield Association ("BCBSA") and the government.  The contract obligated BCBSA to obtain reimbursement of its medical payments on behalf of the employee when a tortfeasor caused injury to the employee and the injury resulted in the payment of benefits for the employee's medical care.  Here, benefits had been paid by BCBSA and the estate of the employee later obtained a tort recovery.  Learning of this development, BCBSA sued the estate in federal court to recover what it had paid for the employee's medical care.

The estate moved to dismiss on the ground that subject matter jurisdiction was lacking.  BCBSA, among other arguments, asserted that federal question jurisdiction existed "because federal law is a necessary element of the [carrier's] claim for relief."  Id. at 699 (quotation marks omitted).  BCBSA relied on Grable.  The Supreme Court found that decision to be inapposite. It held that Grable concerned a pure question of law as to the proper notice requirements under the Internal Revenue Code which would be applicable in future IRS tax sales cases.  In contrast, the claim in McVeigh was "fact-bound and situation-specific." Id. at 701.  It was merely a common law contract dispute.  To the extent any federal law was involved, the state court was competent to deal with it.  While the employee who received benefits under the BCBSA contract was part of the federal

-5-

workforce, the claim was not sufficient to make it a "federal
case." See id. at 701.

Thereafter, in Gunn v. Minton, 568 U.S. 251 (2013),
the Supreme Court, as noted above, clarified the four
requirements necessary for federal question removal under the
present circumstances.  That action concerned a client who sued
his lawyer in the Texas state court for legal malpractice in the
prior handling of the client's patent infringement action in the
federal court.  The client's patent had been held to be invalid.
The Texas Supreme Court reversed a verdict in favor of the
lawyer and ordered the action dismissed.  It ruled that the
action involved a substantial federal question and that the
claim was within the exclusive jurisdiction of the federal
courts since the federal courts have exclusive jurisdiction over
any claims under Acts of Congress related to patents.

The United States Supreme Court reversed the Texas
Supreme Court.  See id. at 264-65.  While it recognized that
disputed issues of patent law would need to be decided in this
malpractice action, the Court did not consider them to be
substantial.  Again, the issues were fact specific.  Moreover,
adjudicating a malpractice case in the state court would not
upset the appropriate balance between the role of the state and
federal courts even though the federal courts have exclusive
jurisdiction over patent cases.

-6-

In this pending action, plaintiff makes his claims under two Pennsylvania statutes and nothing more.  Defendant maintains that the court will necessarily have to construe 29 U.S.C. § 207 (e) to resolve plaintiffs' state law claims. The Fair Labor Standards Act, 29 U.S.C. § 201 et seq., of which § 207(e) is a part, explicitly provides that states may afford greater protections than the FLSA.  See 29 U.S.C. § 218(a).  The PMWA has its own definition of regular rate of pay, and it will be this definition which will be central to this lawsuit. See 34 Pa. Code § 231.43.  The "regular rate" definition included in § 207(e) is at most a defense or anticipated defense to the state claims asserted.  See Minizza v. Stone Container Corp. Corrugated Container Div. E. Plant, 842 F.2d 1456, 1459 (3d Cir. 1988).  It does not create a federal question under § 1331. See Valden, 556 U.S. at 60.

Defendants also argue that a federal issue is raised by plaintiffs' reference to IRS regulations in the complaint. To the extent they are relevant, the IRS regulations will be applied to the specific facts in this case, and no legal precedent with wide-spread application and beyond the situation presented will be established.  See McVeigh, 547 U.S. at 700-01. Any federal issue will not be substantial so as to support federal question jurisdiction.

The Court turns to the final prong of the four prong test under Gunn.  Actions such as this involving the two state statutes in issue are routinely adjudicated in the state courts. Such actions proceed in this court only where diversity of citizenship exists under 28 U.S.C. § 1332 or where there is supplemental jurisdiction under 28 U.S.C. § 1367.  Allowing this action to go forward in the federal court based on federal question jurisdiction would "disrupt[] the federal-state balance approved by Congress."  Gunn, 568 U.S. at 258.

In sum, this case is more akin to McVeigh and Gunn than to Smith and Grable.  Accordingly, the motion of plaintiff to remand this action to the Court of Common Pleas of Philadelphia will be GRANTED for lack of subject matter jurisdiction.  No fees and costs will be awarded.